JAMES W. ANDREWS, as Trustee in Bankruptcy of the Estate of FRANK SHANNON, Bankrupt, Appellant, v. THE METROPOLITAN JOCKEY CLUB and Others, Respondents. — Action by a trustee in bankruptcy to recover moneys paid by a bankrupt while the latter was insolvent. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

CHARLES L. CASANAVE, Suing in His Capacity as Stockholder and Director of NATIONAL SCREEN ACCESSORIES, INC., as Stockholder and Director of ADVERTISING ACCESSORIES, INC., and as a Director and One Beneficially Interested in the Stock of AMERICAN DISPLAY COMPANY, INC., and All Those Similarly Situated, Respondent, v. HERMAN ROBBINS and Others, Appellants, and Others, Defendants. EDWARD P. CASANAVE and CHARLES L. CASANAVE, Respondents, v. HERMAN ROBBINS and Others, Appellants.— Order denying motion for a change of venue from Westchester county to New York county affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

MINNIE DAMICO and CHARLES DAMICO, Her Husband, Appellants, v. BROOKLYN & QUEENS TRANSIT CORPORATION, Respondent.— Action to recover damages for personal injuries, for loss of services and for expenses. Order setting aside verdict in favor of plaintiffs and ordering a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

LOUIS FIELDHAMMER, Appellant, v. ABRAHAM STRACHSTEIN, Respondent.— Action to recover damages for alleged malpractice in connection with post-operative treatment of the plaintiff by the defendant. Judgment dismissing the complaint at the close of the plaintiff's case unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

EDMUND HARTMAN, Respondent, v. ANNA HARTMAN, Appellant.— Order denying appellant's motion to modify a final decree of divorce in respect of custody of the infant son of the parties, affirmed, without costs. Definite fixed times when the appellant may visit the child have been provided in the habeas corpus proceeding. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.